1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   S. M. VOGELSANG,

11           Plaintiff,                        No. CIV 08-1449 GEB KJM PS

12       vs.

13   PLANTATION HERBALS/THE UNDRUG, et al.,

14           Defendants.                       ORDER

15   _____/

16           The motion to dismiss filed by defendants JAS Management, Inc. and Lynn

17   Schulz came on regularly for hearing October 29, 2008.  Plaintiff appeared in propria persona.

18   Marc Cardinal appeared for the moving defendants.  No appearance was made for the remaining

19   defendants.  Upon review of the documents in support and opposition, upon hearing the

20   arguments of plaintiff and counsel, and good cause appearing therefor, THE COURT FINDS AS

21   FOLLOWS:

22           Defendants move to dismiss for lack of subject matter jurisdiction, lack of

23   personal jurisdiction, improper venue, and failure to state a claim.  In light of information

24   contained in plaintiff's opposition, it appears that subject matter jurisdiction and personal

25   jurisdiction could be properly pled if plaintiff is granted leave to amend.  In an amended

26   complaint, plaintiff must specifically plead an amount in controversy in excess of the amount set

forth in 28 U.S.C. § 1332 as well as the basis for the diversity of citizenship of plaintiff and the defendants.  With respect to the personal jurisdiction allegations, plaintiff must set forth sufficient contacts by defendants with California, which are connected to the claims herein. Venue is proper under 28 U.S.C. § 1391(a)(2) in that a substantial part of the events giving rise to the claim occurred in California.  As to defendants' arguments regarding failure to state a claim, plaintiff is advised there is no separate cause of action for damages.  It appears that the deceit claim is duplicative of the fraud claim.  Any fraud claim must be pled with particularity. See Fed. R. Civ. P. 9(b).  In any action for negligence, plaintiff must plead that defendants owed plaintiff a duty of care, breached that duty and that the breach of duty was a proximate cause of plaintiff's alleged damages.[1]  Because it appears plaintiff may be able to cure the deficiencies in the complaint, leave to amend will be granted.

    Accordingly, IT IS HEREBY ORDERED that:

    1.  The motion to dismiss is granted with leave to amend.  An amended complaint may be filed no later than November 26, 2008.  Failure to file an amended complaint shall result in a recommendation that the action be dismissed.

    2.  The status conference currently set for November 12, 2008 is continued to January 21, 2009 at 10:00 a.m. before the undersigned.  Status reports shall be filed no later than January 14, 2009.  Plaintiff is cautioned that all defendants must be served properly prior to the status conference and proofs of service of summons filed with the court.  If a defendant has not been properly served, that defendant will be dismissed under Federal Rule of Civil Procedure 4(m).

DATED:  November 18, 2008.

006
vogelsang.oah

_____
U.S. MAGISTRATE JUDGE

---

[1]  Plaintiff is advised the court has a law library available for public use on the first floor of the Robert T. Matsui Federal Courthouse.